### Ex parte JIM HONG.

(Circuit Court of Appeals, Ninth Circuit. February 2, 1914.)

No. 2278.

1. HABEAS CORPUS (§ 1*)—SCOPE OF WRIT—REVIEW.
    The office of a writ of habeas corpus is confined to an inquiry as to the cause of the commitment, and, if it is ascertained that the party invoking it is held under a process of a court or tribunal having jurisdiction of his person and of the subject-matter of the charge involved, the inquiry under the writ is at an end and it must be dismissed.
    [Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 1, 3; Dec. Dig. § 1.*]

2. HABEAS CORPUS (§ 4*)—REMEDY BY APPEAL—EXCLUSION OF CHINESE.
    Since by Chinese Exclusion Act (Act Sept. 13, 1888, c. 1015, § 13, 25 Stat. 476 [U. S. Comp. St. 1901, p. 1317]) jurisdiction of exclusion proceedings is expressly conferred on United States commissioners with the right to appeal to the District Court as provided by Judicial Code (U. S. Comp. St. Supp. 1911, p. 140) § 25, a Chinese person arrested in exclusion proceedings before a United States commissioner is not entitled to discharge on habeas corpus on the ground that he possessed a certificate of residence as a merchant entitling him to remain in the United States; such question being one for determination before the commissioner and on appeal from his decision and not on habeas corpus.
    [Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 4; Dec. Dig. § 4.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. ALIENS (§ 32*)—CHINESE DEPORTATION PROCEEDINGS—COMPLAINT.

Where a Chinese alien had a certificate of residence entitling him to remain in the United States, it was not essential, to confer jurisdiction on the United States commissioner in proceedings to deport such alien, that the complaint aver facts invalidating the certificate, since the existence thereof was a matter of evidence and its effect a matter of law, neither of which were required to be pleaded.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 84, 92, 93–95; Dec. Dig. § 32.*]

4. ALIENS (§ 32*)—CHINESE DEPORTATION PROCEEDINGS—PLEADING.

A charge against a Chinese alien in deportation proceedings alleging his unlawful residence in the United States does not involve a criminal offense, and hence the strictness and formality required of criminal pleading is not essential.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 84, 92, 93–95; Dec. Dig. § 32.*

What Chinese persons are excluded from the United States, see note to Wong You v. United States, 104 C. C. A. 538.]

5. ALIENS (§ 32*)—DEPORTATION PROCEEDINGS—PLEADINGS—AMENDMENTS.

Where a United States commissioner has jurisdiction of the subject-matter in Chinese deportation proceedings, he may require amendment of the complaint in order to cure a defect therein.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 84, 92, 93–95; Dec. Dig. § 32.*]

6. COURTS (§ 405*)—CIRCUIT COURT OF APPEALS—HABEAS CORPUS.

Where, on habeas corpus to secure the release of a Chinese person in deportation proceedings, the government claimed that the trial court exceeded its jurisdiction in the extent of the inquiry and in the judgment rendered in discharging petitioner and in that the court did not have jurisdiction to inquire into the cause of petitioner's detention, the appeal was regularly taken to the Circuit Court of Appeals and not to the Supreme Court under Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1157 [U. S. Comp. St. Supp. 1911, p. 228]) § 238.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1097–1099, 1101, 1103; Dec. Dig. § 405.*]

Appeal from the District Court of the United States for the District of Arizona; Richard E. Sloan, Judge.

Application by Jim Hong for a writ of habeas corpus. From a judgment granting the writ and discharging petitioner, the government appeals. Motion to dismiss appeal denied, and judgment reversed, with directions to remand petitioner to the custody of the marshal and to dismiss the writ.

This is an appeal from an order of the court below, on habeas corpus, discharging the appellee from the custody of the United States marshal. The facts, so far as we deem them material, are these:

Appellee was arrested by the United States marshal in Phœnix, Ariz., on a warrant issued by a United States commissioner at that place, based upon a complaint sworn to by the Assistant United States Attorney, charging him with being a Chinese person not lawfully entitled to be or remain within the United States, and asking that he be arrested and dealt with in accordance with law. Being taken before the commissioner, he was admitted to bail, and the hearing on the complaint was set for a future date. Before the day set for the hearing, and while the matter was still pending unheard before the commissioner, appellee sued out the writ of habeas corpus before the District Court, setting forth in his petition the cause of his arrest, and attaching thereto the complaint and warrant under which he was held, but alleging "that

the said complaint and the said warrant are fatally defective in that it appears from the face thereof that neither said complaint nor said warrant state any facts sufficient to constitute the offense of being unlawfully within the United States, nor are any facts stated from which it can appear that your petitioner is a person who by reason of any act or omission is a person unlawfully within the United States"; alleging that at the time of his arrest he had been a resident of the United States for many years and then held a certificate of residence entitling him to remain therein, and "that he still has and maintains his status in this country under and by virtue of his said certificate as a merchant, and that in consequence thereof neither this court nor the commissioner before whom there is now pending the application of the United States to deport and remove your petitioner from the United States have jurisdiction in the premises"; that he is "now restrained and deprived of his liberty without due process of law, in violation of the 'due process' clause of the Constitution of the United States"; and praying his discharge.

The return of the marshal, aside from setting up certain matters as to the custody of the appellee at the time of the service of the writ, which we do not regard as material to our inquiry, and admitting the cause of his detention to be based upon the complaint and warrant as set out in the petition, is in the nature of a demurrer to the sufficiency of the grounds alleged for a discharge, in substance, that the proceeding in which appellee was arrested and detained was still within the exclusive jurisdiction of the United States commissioner and yet unheard, and that it was not competent for the District Court or the judge on habeas corpus to inquire into such matter further than to determine the jurisdiction of the commissioner; and asking that the petitioner be remanded and the writ dismissed.

To this return the appellee interposed a demurrer, as stating no sufficient cause for his detention, and the court below, adopting that view, granted a motion of appellant's counsel for what is termed in the record a "judgment on the pleadings," and entered a final order wherein it is found and recited that appellee was at all times since the issuance of his certificate of residence, and is now, "a person lawfully within the United States," that he is unlawfully restrained of his liberty, and ordering and adjuding that he be discharged. This order constitutes the judgment appealed from.

J. E. Morrison, U. S. Atty., of Bisbee, Ariz., and O. T. Richey, Asst. U. S. Atty., of Phœnix, Ariz., for appellant.

Edward Kent and William M. Seabury, both of Phœnix, Ariz., for appellee.

Before GILBERT and ROSS, Circuit Judges, and VAN FLEET, District Judge.

VAN FLEET, District Judge (after stating the facts as above). [1] It is apparent from the record that the court below proceeded upon the theory that the inquiry under the writ of habeas corpus involved the merits of the proceeding pending before the United States commissioner, to the extent at least of ascertaining and determining as to the right of the appellee under the certificate held by him to remain in the United States, and that this theory actuated the judgment entered. But if the commissioner had acquired jurisdiction in the proceeding, this view of the learned judge involved manifest error. No question is better settled in the federal courts than that of the proper functions of the writ of habeas corpus and the limitations of the inquiry that may be had under its authority. As far back as Ex parte Tobias Watkins, 3 Pet. 193, 7 L. Ed. 650, the office of this writ was held to be confined to an inquiry into the cause of the commitment; and, if it be ascertained that the party invoking it is held under process of a court

or tribunal having jurisdiction of his person and of the subject-matter of the charge involved, the inquiry under the writ is at an end and it must be dismissed. In other words, it extends only to an inquiry as to the jurisdiction of the inferior tribunal, and can in no case subserve the purpose of an appeal or writ of error to review the merits of the proceedings in which the commitment is had. These principles have since been applied, reiterated, and amplified in cases from both the Supeme Court and the inferior federal courts too numerous to mention, and in variety covering nearly every conceivable character of instance. It will be sufficient to cite some of the leading cases from the Supreme Court. Ex parte Carll, 106 U. S. 521, 1 Sup. Ct. 535, 27 L. Ed. 288; Ex parte Mason, 105 U. S. 696, 26 L. Ed. 1213; Ex parte Wilson, 114 U. S. 417, 5 Sup. Ct. 935, 29 L. Ed. 89; Ex parte Harding, 120 U. S. 782, 7 Sup. Ct. 780, 30 L. Ed. 824; Horner v. United States, 143 U. S. 570, 12 Sup. Ct. 522, 36 L. Ed. 266; United States v. Pridgeon, 153 U. S. 48, 14 Sup. Ct. 746, 38 L. Ed. 631; Terlinden v. Ames, 184 U. S. 270, 22 Sup. Ct. 484, 46 L. Ed. 534.

The doctrine is aptly summed up in Horner v. United States, supra, where the petitioner at the time of presenting his petition had been committed by a United States commissioner to await the action of the grand jury on a charge of illegally conducting a lottery; his contention being that the charge involved no offense under the statute. The Supreme Court, in affirming the judgment of the court below dismissing the writ, say, in response to the contention:

"But we are of opinion that that question ought not to be reviewed by us on this appeal. The point raised is that the Austrian bond scheme was not a lottery. That is a question properly triable by the court in which an indictment may be found against Horner. He is now held to await the action of a grand jury. *His case is in the regular course of criminal adjudication.* It is not proper for this court, on this appeal, nor was it proper for the Circuit Court, on the writ of habeas corpus, to determine the question as to whether the scheme was a lottery. In re Cortes, 136 U. S. 330 [10 Sup. Ct. 1031, 34 L. Ed. 464]; Stevens v. Fuller, 136 U. S. 468 [10 Sup. Ct. 911, 34 L. Ed. 461]. The commissioner had jurisdiction of the subject-matter involved and of the person of Horner, and the grand jury would have like jurisdiction. * * * Whether the scheme was a lottery is a question to be determined in the administration of the jurisdiction. It is not for this court to determine that question in advance. The principle is the same as that involved in Re Fassett, 142 U. S. 479, 483, 484 [12 Sup. Ct. 295, 35 L. Ed. 1087]. The case presents for the determination of the court in which the indictment may be found the question as to whether the scheme was a lottery, and it is not for any court to determine it in advance, on habeas corpus. *If an inferior court or magistrate of the United States has jurisdiction, a superior court of the United States will not interfere by habeas corpus.*" (Italics volunteered.)

[2] That the commissioner in this instance had jurisdiction to try the appellee on the charge made against him, no serious question may be entertained. Section 13 of the Chinese Exclusion Act, so called (25 Stat. 476), expressly confers that jurisdiction. It provides:

"That any Chinese person, or person of Chinese descent, found unlawfully in the United States, or its territories, may be arrested upon a warrant issued upon a complaint, under oath, filed by any party on behalf of the United States, by any justice, judge, or commissioner of any United States court, returnable before any justice, judge, or commissioner of a United States court, or before any United States court, and when convicted, upon a hearing, and

found and adjudged to be one not lawfully entitled to be or remain in the United States, such person shall be removed from the United States to the country from whence he came. But any such Chinese person convicted before a commissioner of a United States Court may, within ten days from such conviction, appeal to the judge of the District Court for the District."

(Such appeal now lies to the District Court. Section 25, c. 2, Judicial Code [U. S. Comp. St. Supp. 1911, p. 140]).

This provision has been modified by the Act of March 3, 1901, c. 845, 31 Stat. 1093 (U. S. Comp. St. 1901, p. 1327), as to the persons competent to make complaint; but an Assistant United States Attorney is one of these.

Under these provisions the jurisdiction of the United States commissioner in the trial of such cases in the first instance is as ample and complete in all respects as that of a justice, judge, or court before whom the warrant might have been returned, no distinction being made in that respect (Chin Bak Kan v. United States, 186 U. S. 193, 199, 22 Sup. Ct. 891, 46 L. Ed. 1121), the statute providing, however, that, where the trial is before a commissioner, an appeal shall lie as indicated. Indeed, the general jurisdiction of the commissioner under the statute is conceded by appellee. Counsel say in their brief:

"Undoubtedly the return showed that the commissioner had a general jurisdiction over the charge that the prisoner was illegally here, but it failed utterly to disclose the existence of a particular jurisdiction to adjudge the presence of the accused in this country to be illegal in contradiction of an unrevoked certificate of residence. It could not have disclosed such a particular jurisdiction because there was no claim nor assertion that the prisoner had done anything to forfeit his right to his certificate."

In other words, the attitude of appellee, which was sustained by the court, was that the return was insufficient to show jurisdiction in this instance because it failed to plead facts avoiding the effect of the certificate. But, obviously, the question whether the facts would show the present legal existence of such certificate, and the subsistence of appellee's rights thereunder, was a question involved in the very inquiry before the commissioner. In re See Ho How (D. C.) 101 Fed. 115, 117; Jew Sing v. United States (D. C.) 97 Fed. 582. However conclusive such a certificate may be when its existence and effect are competently ascertained (In re See Ho How, supra; Lew Quen Wo v. United States, 184 Fed. 685, 106 C. C. A. 639), it is none the less a proper subject of inquiry before a commissioner on such a charge to ascertain, first, whether the certificate claimed is genuine, and, if so, whether the right to its protection has been forfeited by failing to observe the requirements of the statute. Its mere physical existence in his possession does not conclude inquiry into and a determination of the question whether, under the circumstances appearing, it is still a valid protection to the holder. Liu Hop Fong v. United States, 209 U. S. 453, 463, 28 Sup. Ct. 576, 52 L. Ed. 888. The statement of such facts in the return was therefore wholly unnecessary to show legal cause to hold the appellee, and their averment would have subserved no purpose to enlarge the limits of the court's inquiry on habeas corpus, however proper for review on appeal from the commissioner. The case of United States v. Jung Ah Lung, 124 U. S. 621, 8 Sup. Ct. 663,

31 L. Ed. 591, is not in point. It arose before the passage of the Chinese Exclusion Act, and no judicial inquiry was in progress or contemplated, but petitioner was being detained on board ship under an order of the collector denying him the right to land.

[3] Nor was it necessary to aver facts invalidating the certificate in the complaint before the commissioner to confer jurisdiction. The existence of the certificate was a matter of evidence, and its effect a matter of law. Neither was required to be pleaded. The complaint was in the usual form in such cases, and, we think, sufficiently pleaded the ultimate fact involved in the charge. Chin Bak Kan v. United States, supra.

[4] The charge does not involve a criminal offense, and strictness or formality of pleading is not required. Ah How v. United States, 193 U. S. 65, 77, 24 Sup. Ct. 357, 48 L. Ed. 619; Fong Yue Ting v. United States, 149 U. S. 698, 729, 13 Sup. Ct. 1016, 37 L. Ed. 905; Chin Bak Kan v. United States, supra.

[5] Moreover, the commissioner having jurisdiction of the subject-matter, if there was any defect in the complaint it was clearly within his power to require an amended complaint to be filed. Such defects are not jurisdictional.

If the commissioner fail, upon the hearing before him, to give due effect to the certificate, his action may be competently reviewed on appeal (In re See Ho How, supra); but while the proceeding remains within his jurisdiction that question cannot be inquired into under this writ.

We are of opinion therefore that upon the facts disclosed the contention of the United States Attorney should have been sustained and the writ dismissed.

[6] It is sufficiently apparent from what has been said on the merits that the motion to dismiss the appeal, submitted by appellee, must be denied. It proceeds upon the theory that the only question involved is one of jurisdiction of the court below, and under section 238 of the Judicial Code the case should have gone direct to the Supreme Court. This is a misconception. No question is made but that the court below had jurisdiction to inquire into the cause of appellee's detention. The objection is that it exceeded its power in the extent of its inquiry and the judgment rendered. It is not therefore an instance of want of jurisdiction, but one of an excess of it. Ex parte Lange, 85 U. S. (18 Wall.) 163, 21 L. Ed. 872; Ex parte Rowland, 104 U. S. 604, 26 L. Ed. 861.

The motion to dismiss the appeal is denied; and the judgment of the court below is reversed, with directions to remand the appellee to the custody of the marshal and dismiss the writ.