# ROLLER *v.* MURRAY.

ERROR TO THE SUPREME COURT OF APPEALS OF THE STATE OF WEST VIRGINIA.

No. 966. Motion to dismiss or affirm submitted May 25, 1914.—Decided June 22, 1914.

A mere error of law not involving a Federal question and committed in the exercise of jurisdiction by giving conclusive effect to a judgment rendered in another State affords no opportunity for a review in this court.

If the court rendering the judgment had jurisdiction of the subject-matter and the parties, the merits of the controversy are not open for reinvestigation in the courts of another State; but, under the full faith and credit clause of the Federal Constitution and § 905, Rev. Stat., the latter must give the judgment such credit as it has in the State where it was rendered.

The proper method of obtaining a review of the Federal question adversely decided by the state court is by writ of error to this court under § 237, Judicial Code, and not by collaterally attacking the judgment on the ground that it denies due process of law when it is invoked in the courts of another State.

Where the effect of the judgment of another State dissolving an injunction as *res judicata* is denied on the ground that it is not a final decree, if the contention that a final decree was subsequently rendered which concluded the merits was not presented to the court, there is no basis for review in this court under § 237, Judicial Code on the ground that full faith and credit was not given to the original judgment.

Writ of error to review 71 W. Va. 161, dismissed.

THE facts, which involve the application of the full faith and credit clause of the Federal Constitution and the jurisdiction of this court to review a judgment of the state court, under § 237, Judicial Code, are stated in the opinion.

*Mr. Holmes Conrad* and *Mr. Edward S. Conrad*, for defendants in error, in support of the motion.

*Mr. John E. Roller, pro se,* and *Mr. Herbert W. Wyant,* for plaintiff in error, in opposition to the motion.

MR. JUSTICE PITNEY delivered the opinion of the court.

This writ of error was sued out under § 237, Jud. Code (act of March 3, 1911, 36 Stat. 1087, 1156, c. 231), in order to bring under review a judgment of the Supreme Court of Appeals of the State of West Virginia (71 W. Va. 161), which affirmed a decree of the Circuit Court of Pendleton County, in that State, in an equitable action brought by plaintiff in error against defendants in error. His original bill was filed May 10, 1901, and an amended bill was filed in December, 1907. Complainant therein averred that in the year 1872 he was employed by the late Emily Hollingsworth, of the city of Philadelphia, as attorney, to recover for her a tract of 52,000 acres of land situate in the counties of Rockingham and Augusta, in the State of Virginia, and the county of Pendleton, in the State of West Virginia, and immediately undertook

the necessary work and labor, and diligently and faithfully endeavored to discharge the duties imposed upon him by the employment; that from time to time various parcels of land were recovered from adverse claimants, some by compromise settlements and others by actions of ejectment, until the entire tract of 52,000 acres was recovered, the actual litigation not being completed until some time in the year 1893; that portions of the property had been sold, so that in the year 1889 there remained of the lands recovered about 44,000 acres undisposed of, from the proceeds of the sale of which complainant was to receive payments on account of his services; that on or about April 1, 1889, the said Emily Hollingsworth made a deed of gift of the unsold lands, amounting to about 44,000 acres, to Mary H. Murray, one of the defendants, upon condition that she should pay to complainant one-fifth of the proceeds thereafter to be realized on the sale of the lands, and that she should hold the same as trustee for complainant, and complainant avers that the said Mary H. Murray accepted said deed upon that condition, and became liable to complainant for the said proportion of said proceeds of sale and for the reasonable value of his services rendered by him to Miss Hollingsworth and to be thereafter rendered to the said Mary H. Murray; that the latter, having accepted the conveyance, continued to act under it and in conformity with it until May 25, 1901, when for the first time she repudiated it. The object of the bill was to enforce a trust as to the undivided one-fifth of the land and of the purchase money upon sales made of the same, as against Mary H. Murray and her grantees with notice. Mrs. Murray pleaded that in a chancery cause brought by the same complainant against her, with others, in the Circuit Court for the County of Rockingham, in the State of Virginia, a court of competent jurisdiction, complainant asserted and claimed that there was due to him from her the same sum of money and the same

debt, as compensation for the same services alleged in his present bill, and that the cause of action was the same as now set up and asserted; that on June 24, 1907, a final decree was made and entered in said cause by the said Circuit Court, and this, on appeal, was affirmed by the Supreme Court of Appeals of Virginia in accordance with opinions found in 59 S. E. Rep. 421 (107 Virginia, 527), in which it was held that defendant Mary H. Murray was a privy in estate to Miss Hollingsworth, her grantor, and a privy also to the contract with complainant, and that the said Supreme Court of Appeals of Virginia, affirming the Circuit Court, determined that complainant had no right to recover on said cause of action, wherefore defendant pleaded the final adjudication of the Virginia court as *res adjudicata.* There was filed with the plea a certified copy of the record of the proceedings had in the Circuit Court of Rockingham County, Virginia, and in the Supreme Court of Appeals of that State. Subsequently, complainant filed in the Pendleton County Court written objections to the plea of *res adjudicata,* upon the following grounds: First, that the Circuit Court of Rockingham County, Virginia, after the rendition of the judgment pleaded by defendant, in another cause pending in that court between the Chesapeake-Western Company and the complainant, John E. Roller, and others, in which latter cause the said Mary H. Murray was impleaded as a party, decreed that the matters involved in the cause pending in the Circuit Court of Pendleton County, West Virginia, were not concluded by the judgment and decree of the Circuit Court of Rockingham County, Virginia, and did therefore vacate and dissolve certain injunctions previously awarded in that cause restraining complainant from further prosecution in the West Virginia court of his present suit against said Mary H. Murray. Secondly, that the cause of action and grounds of jurisdiction and relief in the present cause are

not the same as those set out in the record filed in the plea of *res adjudicata*. And thirdly, that the record and judgment of the Virginia court should not be enforced as *res adjudicata* for the following reasons: (a) that the courts of West Virginia do not enforce foreign judgments that are contrary to the laws and public policy of that State; (b) that the decree rests not upon rights arising *ex contractu*, or upon torts based on natural rights, but upon a penalty denounced by the policy of the law of Virginia which is not so denounced by the policy of the law of the State of West Virginia, and that it is not one of such nature as the courts of West Virginia will enforce; and (c) that the *lex loci rei sitæ* determines the jurisdiction and relief to be given by this court as to the land in the bill referred to, regardless of the judgment of any sister State as to land therein situate.

The Circuit Court of Pendleton County, West Virginia, sustained the plea of *res adjudicata* and dismissed the bill, and it is the judgment of the court of last resort of West Virginia affirming this decree that is now under review.

There are three assignments of error, the substance of which is as follows:

First, that the court erred in holding that the plea of *res adjudicata* filed by the defendant Mary H. Murray was a good and sufficient plea, for the reason that the decree therein relied upon in terms provided that it should be without prejudice to complainant's right to institute other proceedings upon a *quantum meruit* if so advised, and that the record shows the cause of action and ground of jurisdiction were not the same in the present West Virginia action as those set out and contained in the record in the Virginia action; the present action being based upon a *quantum meruit* for just and reasonable compensation for services rendered by complainant in and about the recovery of the tract of land in controversy.

Second, that the court erred in sustaining the action of the court below upholding the plea of res adjudicata, because the decrees in the Virginia courts presented in that plea were void and of no effect since they had denied to complainant due process of law, in that they had denied to him the right to file the third amended bill of complaint tendered by him, and denied him a hearing upon the case thereby presented.

Third, that the court erred in sustaining the action of the court below in overruling the objections made by complainant to the plea of res adjudicata, because in the suit of Chesapeake-Western Company v. Roller, et al., it was necessarily decided that the matters involved in the case in the West Virginia courts were not concluded by the decrees rendered in the first cause of Roller v. Murray in the Virginia courts.

There is a motion to dismiss or affirm, based upon the ground that no Federal question is raised by the record, or that if any such question is raised it is so frivolous as not to need further argument.

It appears that the Virginia court (107 Virginia, 527), denied relief to complainant with respect to the lands in that State upon the ground that the contract upon which the action was based was champertous, and therefore illegal under the laws of the Commonwealth. The Supreme Court of Appeals of West Virginia (71 W. Va. 161), finding that this decision was rendered not in a mere proceeding in rem or quasi in rem, but in an action in personam (defendants having appeared, and the validity of the contract constituting the basis of the plaintiff's claim to the fund or to the land having been actually litigated by the parties and decided by the courts), that decision necessarily settled and determined the question of the validity of the contract in the State of Virginia, and that under the "full faith and credit" clause of the Constitution of the United States the decision was entitled to the same credit

in West Virginia that it had in the Commonwealth of Virginia. Upon this ground, although assuming that the contract was valid under the law of West Virginia viewed independently of the Virginia decision, the court held itself bound by the Virginia decision to deny relief to complainant.

It is argued under the first assignment of error that the contract in controversy must be held to be a Pennsylvania contract, and that its validity and enforcement in the courts of West Virginia did not depend upon the decision of the Virginia courts, but required an independent consideration upon its merits by the courts of West Virginia, and that their failure to give such consideration was a denial of due process of law. We are unable to find that it was contended in the courts of West Virginia that the contract in question was made in Pennsylvania or ought for other reasons to be regarded as a Pennsylvania contract; nor are we able to find that the "due process of law" clause was invoked in the West Virginia courts upon the ground that to follow the Virginia decision would be a denial of the right of plaintiff in error to such process. Assuming the contention to have been made, we are unable to see that any Federal question was thereby raised. Supposing the courts of West Virginia erred in giving conclusive effect to the Virginia decision, this was no more than an error of law, committed in the exercise of jurisdiction over the subject-matter and the parties; and such an error—not involving a Federal question—affords no opportunity for a review in this court.

The same response must be made to the second argument presented under the first assignment of error, which is that the contract in controversy shows that its terms, so far as they related to the property within the jurisdiction of West Virginia, were different from those which related to the property in Virginia, and that the West Virginia court, in holding them to be the same and refusing

to recognize the contract as a West Virginia contract deprived plaintiff in error of his property without due process of law.

It is not contended that the West Virginia court, in holding the Virginia judgment to be conclusive upon the present controversy, violated the "full faith and credit" clause of the Federal Constitution. By that clause, and by the act of Congress (§ 905, Rev. Stat.) passed to carry it into effect, it was incumbent upon the West Virginia court to give to the judgment the same faith and credit that it had by law or usage in the courts of Virginia. The effect of this was that, provided the Virginia court had jurisdiction of the subject-matter and of the parties (which was not questioned), the merits of the controversy there concluded were not open to reinvestigation in the courts of West Virginia. It is not here questioned that the West Virginia courts gave such credit to the Virginia judgment as was thus required.

Under the second assignment of error, the argument is that plaintiff in error was denied due process in the Virginia courts in that the Circuit Court of Rockingham County arbitrarily and unlawfully rejected his third amended bill, and its action in so doing was affirmed by the court of last resort of that State. Upon this point the West Virginia court (71 W. Va. 170), said:

"The said amendment was offered at a very late stage of the proceedings. The court based its rejection thereof upon two grounds, the delay in tendering it without excuse or explanation and its failure to show a contract materially different from that set up in the original and first and second amended bills. In disposing of the amendment, the court said: 'The bill had been amended twice already, and after these amendments, and after a thorough argument of the case on its merits, the court announced its decision. A due regard for the orderly procedure of the court and the rights of the opposing party required

that some limit be set to the privilege of amendments. The amendments now presented are offered without explanation or excuse, and in the main are unsubstantial, and would not change the opinion of the court on the merits of the case.' Having said this, the court proceeded to analyze the amendments and show their lack of merit and insufficiency to bring about a different conclusion if they had been filed. The decision relied upon to sustain this contention is *Hovey* v. *Elliott*, 167 U. S. 409, asserting lack of due process in the entry of a decree for the plaintiff, after having stricken out the defendant's answer, because he was guilty of contempt in neglecting to pay into court a certain sum of money. This was a total denial of the right of defense, upon an insufficient ground. In that case, the action of the court was arbitrary and oppressive. Here, the plaintiff had been allowed a hearing. He had filed an original and two amended bills and had no doubt had opportunity to tender the third amended bill long before the submission of the cause. It is certainly competent for a court to say, within reasonable limits, what amounts to a compliance with its rules and the principles of law, respecting the order and limitations of proceedings in a case. Besides, in the opinion of the court, the proposed amendment would not have changed the character of the plaintiff's claim, nor relieved the contract of its infirmity. An erroneous decision in respect to either of these matters would not amount to a denial of due process of law. As to them, it is not a case in which the plaintiff has had no day in court."

For present purposes it is sufficient to say that there is nothing upon the face of the record to indicate that the refusal of the Virginia court to entertain complainant's third amended bill was arbitrary or unlawful, or otherwise inconsistent with the "due process of law" clause of the Fourteenth Amendment; that there is nothing to show that in the Virginia court complainant based his right to

file a third amended bill upon the Fourteenth Amendment; and that if he had in fact set up such a right in the Virginia court and it had been there denied, his proper mode of obtaining a review of the Federal question would have been by prosecuting a writ of error under § 709, Rev. Stat. (§ 237, Jud. Code) to review the judgment of the court of last resort of Virginia, and not by attacking the judgment collaterally upon that ground when it was invoked against him in the courts of West Virginia.

With respect to the third assignment of error, it is contended that the Supreme Court of Appeals of West Virginia refused to give full faith and credit to the objection interposed by plaintiff in error to the plea of *res adjudicata* based upon the decrees rendered in the Virginia case of *Roller* v. *Murray*, the objection being based upon the record in the case of *Chesapeake-Western Company* v. *Roller*, a subsequent decision in the Virginia courts, which, it is contended, overruled the decision in the first Virginia suit so far as it tended to debar plaintiff in error from suing upon a *quantum meruit*. It appears that the decision in the *Chesapeake-Western Company Case* was to dissolve an injunction that had been issued against the prosecution of the West Virginia suit. Its effect as *res adjudicata* was denied by the West Virginia court (71 W. Va. 172), upon the ground that it was not a final decree. It is now contended that subsequent to the decree dissolving the injunction a final decree was rendered in the same cause which in effect concluded the merits. We find nothing in the record, however, to show that any such contention was presented to the West Virginia courts.

Since we are unable to find that any substantial question of Federal right was raised by plaintiff in error in the courts of West Virginia and there decided against him, it follows that the writ of error must be

*Dismissed.*