**CARUTHERS v. HINES et al.** (No. 2648.)

(Court of Civil Appeals of Texas. Amarillo. March 31, 1926. Rehearing Denied May 5, 1926.)

1. **Judgment** ⊂⇒725(I)—**Judgment in injunction suit held, under complaint in action for damages for injunction, res judicata as to validity of ordinance so far as presented by issues in injunction suit.**

Under complaint for damages from suit to enjoin construction of building for business purposes, as violative of ordinance, alleging that in such suit there·was a final judgment of injunction, and not alleging that it was appealed from, it is res judicata of validity of the ordinance, so far as presented by the issues in that suit.

2. **Habeas corpus** ⊂⇒45(3)—**Writ to be dismissed, if petitioner is held under process of court having jurisdiction of person and subject-matter (Rev. St. U. S. §§ 751, 756 [U. S. Comp. St. §§ 1279, 1292]).**

Though federal district courts have, under Rev. St. U. S. §§ 751, 756 (U. S. Comp. St. §§ 1279, 1292), jurisdiction to issue writs of habeas corpus to inquire into cause of restraint of liberty of person in custody in violation of national Constitution, writ should be dismissed, if it appears that petitioner is held under process of court having jurisdiction of his person and the subject-matter.

3. **Habeas corpus** ⊂⇒45(I)—**Relief by habeas corpus is not granted by federal courts while party's remedy in state court is not exhausted.**

Relief under writ of habeas corpus cannot be granted by federal court, where petitioner's remedy has not been exhausted in state court, but, though federal question is involved in taking or enforcing judgment of state court, party will be left to such remedy as is provided by local laws and under supervision of state court, subject to final appeal to federal Supreme Court to determine such question.

4. **Habeas corpus** ⊂⇒45(2)—**Final judgment of state court having jurisdiction of person and subject-matter cannot be annulled by federal court in habeas corpus proceeding.**

Final judgment of state court could not be annulled by federal court holding in habeas corpus proceeding that, though the state court had jurisdiction of the person and subject-matter, such judgment was void.

Appeal from District Court, Wichita County; P. A. Martin, Judge.

Action by J. Caruthers against H. B. Hines and another. Judgment of dismissal, and plaintiff appeals. Affirmed.

Wm. R. Watkins, of Fort Worth, for appellant.

Kay, Akin & Smedley, Bullington, Boone & Humphrey & King, and Carrigan, Britain, Morgan & King, all of Wichita Falls, for appellees.

RANDOLPH, J. The appellant, as plaintiff, instituted this suit, in the district court of Wichita county, Tex., against H. B. Hines and Cal T. Scott, as defendants, to recover of defendants damages alleged to have been occasioned plaintiff by reason of a trespass committed by the defendants upon plaintiff's property.

For the purposes of this discussion we set out the petition of plaintiff, omitting the formal parts, as follows:

"Heretofore, to wit, on or about the 6th day of June, 1920, the plaintiff was the owner and in peaceable possession of what is known as lot G of block 12 of Snyder subdivision of the city of Wichita Falls, Tex., and on or about said date the defendants, and each of them, unlawfully, wantonly, maliciously, and oppressedly dispossessed the plaintiff therefrom, and thereafter detained possession of said premises and the use thereof from him until on or about the 27th day of October, 1921, in the manner under circumstances and to the plaintiff's injury and damage, as hereinafter is fully set forth.

"III. On or about said date of June 6, 1920, the plaintiff was engaged in constructing and erecting a building upon the premises above mentioned, to be used, when completed, the lower portion for merchandising purposes and the conduct of business, and the upper portion, or second story, when completed, to be used for dwelling and residential purposes. Said structure had proceeded to the point, on said date, where the framework, wall, and structure for the roof and interior portions had been partially completed, but the roof had not been secured thereon, and the walls and 'openings therein had not been closed, although the material was on the ground therefor. Immediately adjoining the property of the plaintiff on either side, at said time, and for a long time prior thereto, there had been erected and in operation other buildings in which general merchandise, groceries, meats, drugs, and other businesses were conducted. On said date defendant Hines was the owner of a lot and parcel of property located within about 100 to 150 feet in the northerly direction along the same street, from the lot and premises of the plaintiff, upon which a 'residence occupied by the defendant Scott, who is a nephew of the defendant Hines, was and is located.

"On or·about said date of June 6, 1920, the defendant Hines, at the instigation, and with the advice, counsel, procurement, and under the direction, of the defendant Scott, filed in the Seventy-Eighth district court in and for Wichita county, Tex., a petition for an injunction in a cause entitled H. B. Hines v. J. Car-

⸻

⊂⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered·Digests and Indexes

uthers, No. 3198B on the docket of said court, seeking to enjoin plaintiff in the construction and erection of the said building upon his said lot and premises, asserting therein that said structure was being erected in violation of an ordinance of the city of Wichita Falls, mentioned in said petition. On said date said honorable court, at the instance of the defendants, as aforesaid, entered a temporary injunction against the plaintiff therein, enjoining the further construction and erection of said building for use as a business building, and thereafter, on hearing the cause, on the 15th day of June, 1920, entered a final decree perpetually enjoining the plaintiff from further erection and construction of said building for use as a business building.

"Notwithstanding each and all of said proceedings were unlawful and utterly void and without warrant in law, as hereinafter more fully set forth, the defendant, on or about the 12th day of August 1920, wantonly and maliciously caused the plaintiff to be arrested and committed as for a contempt of said unlawful, illegal, and unwarranted proceedings, and the plaintiff was restrained of his liberty by the sheriff of Wichita county, Tex., under said proceedings until on or about the 27th day of October, A. D. 1921, when said proceedings and all of them were declared unlawful and void by the United States District Court for the Northern District of Texas, upon the application of plaintiff for discharge from said contempt and restraint and disobedience to said injunction on habeas corpus proceedings in United States District Court. And plaintiff here now alleges that the said entire proceedings so wantonly and maliciously instigated by the defendants, as aforesaid, were and are utterly null, void, and without warrant in law, from their inception.

"That during all of the time from and after the entrance of said temporary injunction on the 6th day of June, 1920, to the date of his discharge upon said application for writ of habeas corpus on the 27th day of October, 1921, the plaintiff, by reason of the malicious and wanton act of defendants, as aforesaid, was deprived of the use and possession and control of said premises, excepting said building was completed and the upper portion used for residential purposes."

The fourth paragraph of said petition then sets out his damages in detail, concluding with prayer for relief.

Appellees levelled a general exception at this petition, and the trial court sustained such exception, and dismissed this cause from the docket, and from this ruling appeal is had to this court.

Appellant urges two propositions asserting error on the part of the trial court in sustaining such exception, which propositions are as follows: First. An action for the recovery of damages on account of injury sustained by reason of a void injunction may be maintained by the injured party against the parties procuring such injunction. Second. A petition in an action to recover damages for trespass to real property under a void injunction is sufficient as against a general demurrer, when, at the time of the trespass, the plaintiff's ownership of the property, the unlawful entry by the defendants, a description of the property, and the damages incurred are alleged.

It will be observed that the plaintiff's petition nowhere alleges in what respect the ordinance of the city of Wichita Falls is void, and said petition alleges that the judgment in the district court of Wichita county is a final decree, which is not alleged to have been appealed from.

[1] It may be that the petition was not subject to the general demurrer because of the failure to allege wherein such ordinance was void, and that the defect could only be reached by special exception, but, the plaintiff having pleaded the judgment in cause No. 319SB on the docket of the district court of Wichita county, wherein H. B. Hines was plaintiff and J. Caruthers was defendant, and in which cause the injunction complained of was issued, and having pleaded that such judgment was a final judgment, so far as the issues presented in said cause, it is res judicata of the question of the validity of the city ordinance. Appellant contends that, as the United States District Court for the Northern District of Texas had held that the proceedings in the district court of Wichita county, Tex., were void, such holding by said court and said court's discharge of the appellant under said habeas corpus fully and finally determined the invalidity of the said ordinance and state court judgment.

[2] Appellant cites sections 751 and 756 of the Revised Statutes of the United States (see U. S. Compiled Statutes 1918, §§ 1279, 1292, inclusive), as authority for his contention that the United States District Court and the judge thereof have, within their respective jurisdictions, power to issue writs of habeas corpus for the purpose of inquiring into the cause of the restraint of the liberty of any person in custody in violation of the Constitution of the United States. While we concede that such jurisdiction and power is so vested in such court, such jurisdiction must be exercised with discretion, and, if it appears that the party making the application for the writ is held under a process of a court or tribunal having jurisdiction of his person and of the subject-matter of the charge, the writ must be dismissed. Ex parte Jim Hong (1914) 211 F. 73, 127 C. C. A. 569.

[3] The relief to be granted under such writ cannot be granted by a federal court, where the party's remedy had not been exhausted in the state court. If a federal question is involved in the taking or enforcement of the judgment taken in a state court, the party will be left to such remedy as is provided by the local laws and under the supervision of the state court, subject to final appeal to the Supreme Court of the United States to determine such question. 15 C. J. p. 1166, § 461; Blythe v. Hinckley, 22 S. Ct. 941, 184 U. S. 701, 46 L. Ed. 766.

**[4]** But, should we be constrained to recognize the judgment of discharge of plaintiff by the United States District Court in so far as it involves the personal liberty of the plaintiff, we certainly cannot concede the correctness of the contention that such court by that judgment could annul a final judgment of the state court in holding that, even though the state court had jurisdiction of the person of the plaintiff and of the subject-matter litigated, such judgment was void. The United State District Court had no such power, except on the ground of fraud in the rendition of such judgment. 15 C. J. p. 1176, § 651; Nougue v. Clapp, 101 U. S. 551, 25 L. Ed. 1026; Roller v. Murray, 34 S. Ct. 902, 234 U. S. 738, 58 L. Ed. 1570; Glasgow v. Moyer, 32 S. Ct. 753, 225 U. S. 420, 56 L. Ed. 1147. The judgment of the district court of Wichita county was rendered in a cause in which that court is shown to have had jurisdiction both of the person of the plaintiff and of the subject-matter of the suit, and was not appealed from. That judgment might have been rendered upon a wrong premise, but, as there was no question of such court's right to enter a judgment, the United States District Court had no jurisdiction to declare such judgment void.

We therefore affirm the judgment of the trial court.