**BOHENIK v. DELAWARE & HUDSON CO.**

**No. 372.**

Circuit Court of Appeals, Second Circuit.

May 11, 1931.

Alfred T. Rowe, of New York City (Sol Gelb, of New York City, of counsel), for appellant.

H. T. Newcomb, of New York City (Carl E. Whitney and James A. Dilkes, both of New York City, of counsel), for appellee.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The District Court dismissed the complaint in this action on the ground that there had been a prior determination of the issues between the parties and that a judgment had been rendered in favor of the defendant upon the same issues.

Plaintiff, the administratrix and widow of an employee of defendant Railroad Company, brought an action in the United States District Court for the Southern District of New York, against the defendant, under the Federal Employers' Liability Act (45 USCA §§ 51–59), to recover damages for negligence resulting in his death. The action came to trial before Judge Thacher and a jury. At the close of plaintiff's case, upon defendant's motion, he dismissed the complaint and granted to the defendant a judgment of nonsuit. A judgment was thereafter entered dismissing the complaint on the merits, on the ground that there was no question for the jury. The plaintiff then brought a second action in the same court for the same relief. This the defendant moved to dismiss under rule 107 of the Rules of Civil Practice of the state of New York because of the prior adjudication on the merits in favor of the defendant. The motion was granted because of the bar of the prior judgment.

The plaintiff-appellant contends that in the courts of the United States a judgment entered upon a nonsuit is not a bar to the maintenance of a new action, and that a judgment must be based on a verdict rendered by a jury if it is to have the effect of barring a subsequent action on the same cause.

There can be no question that, if the two actions had been brought in a New York state court, the second action would have been barred under section 482 of the New York Civil Practice Act which provides that:

"A dismissal of a complaint * * * at the close of the plaintiff's * * * evidence, * * * or a dismissal of a complaint * * * at the close of the whole evidence, is a final determination of the merits of the cause of action and bars a new action between the same parties or their privies for the same cause of action unless the court shall dismiss without prejudice."

The Conformity Act, Rev. St. § 914 (28 U. S. C. § 724 [28 USCA § 724]) provides that:

"The practice, pleadings, and forms and modes of proceeding in civil causes, other than equity and admiralty causes, in the district courts, shall conform, as near as may be, to the practice, pleadings, and forms and modes of proceeding existing at the time in like causes in the courts of record of the State within which such district courts are held, any rule of court to the contrary notwithstanding."

Under the relevant statutes the first judgment was rightly held to be a bar to the second action. But it is contended that, in spite of the Conformity Act and section 482 of the Civil Practice Act of the state of New York, the decision of the court below was wrong. The argument is that section 482, supra, cannot define the effect of the dismissal of a complaint so as to make it a final determination upon the merits because such a statutory definition would deprive the plaintiff of the right of trial of the issues by a jury in the customary manner and would thus violate the Seventh Amendment of the Constitution of the United States. That amendment provides that:

"In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law."

In support of the contention that the plaintiff was deprived of the right of trial by jury because the prior judgment was held a bar, reliance is placed upon the decision of the Supreme Court in Slocum v. New York Life Ins. Co., 228 U. S. 364, 33 S. Ct. 523, 57 L. Ed. 879. There the trial court had erroneously refused to direct a verdict for the defendant and had submitted the case to the jury who rendered a verdict for the plaintiff. On appeal the Circuit Court of Appeals of the Third Circuit (177 F. 842) reversed the judgment on the ground that the

plaintiff had not established a cause of action, and directed the entry of judgment for the defendant conformably to a statute of the state in which the court was held. An appeal was taken to the Supreme Court, which held that, under the jury system as it existed at common law and was preserved by the Seventh Amendment of the Constitution, the Circuit Court of Appeals had no power to re-examine a verdict for the plaintiff which the jury had rendered and to direct a judgment for the defendant, but was limited to reversing and granting a new trial. Justice Van Devanter, who wrote the prevailing opinion, discussed the old practice on demurrers to the evidence, which was thought by the minority of the court sufficiently analogous to the state practice followed by the Circuit Court of Appeals to justify the entry of judgment for the defendant. He deemed it insufficient, and adhered strictly to exact common-law precedents. But the Slocum Case did not determine that a statute like section 482 of the New York Civil Practice Act might not give a compulsory nonsuit the effect of a directed verdict. It quoted the words of Justice Story in Parsons v. Bedford, 3 Pet. at page 447, 7 L. Ed. 732, to the effect that, where a verdict had been rendered, "the only modes known to the common law to re-examine * * * facts are the granting of a new trial by the court where the issue was tried, or to which the record was properly returnable; or the award of a venire facias de novo, by an appellate court, for some error of law which intervened in the proceedings." Page 378 of 228 U. S., 33 S. Ct. 523, 529.

The effect of the Slocum decision is to prevent the court from finally disposing of a case where a verdict has been rendered otherwise than by entry of judgment in accordance with the verdict, unless in cases where the decision of a motion for judgment has been reserved during the course of the trial. Hoffman v. American Mills Co. (C. C. A.) 288 F. 768, at page 773; Clemence v. Hudson & M. Ry. Co. (C. C. A.) 11 F.(2d) 913, at page 915.

There is no question that, if Judge Thacher had directed a verdict instead of dismissing the complaint and ordering a nonsuit, the effect of his decision could not have been doubted. All the New York statute does is to make a dismissal at the close of plaintiff's case the equivalent in effect of a directed verdict if the record contains no statement that dismissal was not on the merits. This, in our opinion, does not interfere with the right of trial by jury. Here a trial with a jury was held, but the plaintiff's evidence was insufficient to establish her case. The defendant might have requested and obtained the direction of a verdict in its favor. Instead of that the court ordered a judgment which, under the New York statute, is given the same effect as the direction of a verdict which the defendant might have required. To raise a mere mode of procedure into a substantive right and to hold that the state statute cannot furnish the equivalent of a directed verdict though the effect upon the parties would be the same seems to us to place form above substance. It would be quite different to direct judgment non obstante veredicto where decision on a motion for judgment made during the trial had not been reserved. That was in substance what was done by the Circuit Court of Appeals in the Slocum Case and is not what was done here. The Supreme Court has sustained the practice of granting compulsory nonsuits authorized by state statutes. Coughran v. Bigelow, 164 U. S. 301, 17 S. Ct. 117, 41 L. Ed. 442; Central Transp. Co. v. Pullman's Palace-Car Co., 139 U. S. 24, 11 S. Ct. 478, 35 L. Ed. 55. It is but a short step from this to treat such nonsuits like directed verdicts both in cases where the judge has in terms dismissed "on the merits" and in cases where he has dismissed generally, but the statute has given his acts the same effect.

The Seventh Amendment does not require that old forms of procedure must be retained where the substantial rights of the parties are in fact preserved. In re Peterson, 253 U. S. 300, 40 S. Ct. 543, 64 L. Ed. 919. We think that the Constitution does not stand in the way of the application of section 482 of the New York Civil Practice Act to trials in the United States courts.

Our decision in Schnerb v. Caterpillar Tractor Co., 24 F.(2d) 377, dealt with a trial prior to the passage of the Civil Practice Act, where a dismissal was not to be taken as on the merits unless it so recited. Lehigh Valley R. Co. v. Quereau (C. C. A.) 289 F. 767; Ploxin v. Brooklyn Heights R. Co. (C. C. A.) 261 F. 854; Hopedale Electric Co. v. Electric Storage Battery Co., 132 App. Div. 352, 116 N. Y. S. 859, affirmed 198 N. Y. 588, 92 N. E. 1086. But in the Schnerb Case we apparently assumed that, if section 482 of the Civil Practice Act had been applicable, it would have defined the action of the trial court as upon the merits and would have rendered its decision res judicata. In Dominion Trust Co. v. National

Surety Co., 221 F. 618, Ann. Cas. 1917C, 447, a compulsory nonsuit at the close of the plaintiff's case entered under the Pennsylvania statute was held by the Circuit Court of Appeals of the Third Circuit equivalent to the direction of a verdict for the defendant.

[4] But, even if the procedure which resulted in the prior judgment for the defendant was irregular, the court had jurisdiction of the cause, and its errors, if any, should have been rectified by an appeal from that judgment and not by collateral attack. Roller v. Murray, 234 U. S. 738, 34 S. Ct. 902, 58 L. Ed. 1570; Insley v. United States, 150 U. S. 512, 14 S. Ct. 158, 37 L. Ed. 1163.

The judgment is affirmed.