## ORR v. FIREMAN'S FUND INS. CO.
### No. 132.

Circuit Court of Appeals, Second Circuit.

Jan. 9, 1933.

Robert H. Elder, of New York City, for appellant.

Bigham, Englar, Jones & Houston, of New York City (D. Roger Englar and Oscar R. Houston, both of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

The defendant insurance company is a California corporation for which the firm of F. Herrmann & Co. acted as managers within a specified territory from July 1, 1910, to April 10, 1917, under a written contract which provided that the managers should receive a 10 per cent. commission upon the profits of the business. The plaintiff sues as a surviving partner to recover the firm's share of some $125,000 which the insurance company recovered in 1928 and 1929 under an award made by the Mixed Claims Commission on account of marine insurance losses, which were suffered by reason of German submarine operations during the years when F. Herrmann & Co. were managers. The theory of the suit is that the payment of these losses reduced the profits of the year in which the payment was made, and therefore the subsequent recovery requires a recasting of the account for such year by the addition of the sum recovered. Suit was brought in the state court and removed to the District Court on the ground of diverse citizenship.

The contract under which the firm of managers was employed contained a provision following the stipulation for a 10 per cent. commission on the profits of the business, that "the commissions on profits are to be paid * * * upon a basis to be arranged"; and the plaintiff's proof showed how profits had been calculated in each of the years from 1910 to 1917, inclusive. In making up the profit and loss account for a given year, the parties waited until the close of the succeeding year, and then took into the account for the year in question receipts and disbursements during that year in respect to business written in that year, and receipts and disbursements during the succeeding year in respect to business written in any prior year. Thus, to take for example the year 1916, the account for the year ending November 30, 1916, was made up as on November 30, 1917, and showed (1) amounts received or paid during 1916 with respect to 1916 business, (2) amounts received or paid during 1917 with respect to 1916 business, and (3) amounts received or paid during 1917 with respect to business from 1905 to 1915 written by the plaintiff's firm or by the preceding manager, Mr. Herrmann. Ten per cent. of the profits so determined were then paid to the firm of managers. Similar statements of account, made up according to the same method, for each of the prior years back to and including 1910, were in evidence. So also was a statement for the year 1917. On April 10th of that year the firm was dissolved by the withdrawal of Mr. Herrmann, who was a German national. A corporation was formed by the remaining partners and took over the business of manager. Mr. Orr testified that he believed the same system of accounting was continued by the corporation, and this is corroborated by the 1917 statement. Five-twelfths of Mr. Herrmann's share of the year's profits shown by this statement was paid to him on the theory that this fraction represented the firm's share of the year's profit, and he received no part of profits made by the corporation after 1917.

From the foregoing evidence the District Judge concluded that the firm was not entitled to consider as profits to be allocated to years when it was manager recoveries of losses paid during those years unless the recoveries were received by the defendant prior to November 30, 1918. He therefore granted the defendant's motion to dismiss the complaint.

With this conclusion we agree. The commissions on profits were "to be paid * * *

upon a basis to be arranged," and the clearly established practice of the parties in respect to calculating profits and paying the commissions thereon shows what that basis was. Whatever did not actually come in within the year succeeding that for which the accounting was made was never allocated to that year but went into the account for a subsequent year—the accounting year which was open when the recovery was made. And this was true regardless of a change in managers. The corporation took over the business of the partnership just as the latter had taken over Herrmann's business. The same system of accounting was continued. Hence the corporation was obliged to take into its accounts any items of recovery and any items of loss which came in or were paid subsequent to November 30, 1918, when the 1917 account was closed, although such items related to insurance written prior to April 10, 1917, and while the firm was manager. To this the partners had assented; those who organized the corporation by consenting to a continuance of the established method of calculating profits, and Mr. Herrmann by agreeing with his former partners to get only "what he was entitled to up to the time he left."

The appellant urges that a recovery from the German government could not have been within the contemplation of the parties, and that such a windfall as was brought them by the treaty with Germany and the Settlement of War Claims Act (45 Stat. 254) was not covered by their general contract. But we see no reason to differentiate between this and other items of profit and loss relating to business written during the firm's management. It was known that there were many such that would take years to settle. Nothing was held open; everything that did not come in during 1918 was to be passed on to the corporation. How it was to come in was a matter of indifference. Hence the recoveries made in 1928 and 1929 were to be taken into the corporation's accounts in those years, unless it had previously released them, about which we know nothing. This plaintiff as a representative of the partnership had no interest in them.

To the contention that the dismissal should not have been upon the merits it will suffice to refer to section 482 of the New York Civil Practice Act and the recent decision of this court in Bonenik v. Del. & Hud. Co. (C. C. A.) 49 F.(2d) 722.

The judgment is affirmed, with costs.