# CHARLESTON

## CAMPBELL V. SWITZER.

### Submitted June 9, 1914.    Decided June 16, 1914.

1. CURTESY—*Termination.*

Curtesy is a legal right incident to the relation of marriage and ceases with destruction of such relation by a divorce a *vinculo.* (p. 510).

2. HUSBAND AND WIFE—*Conveyance by Wife—Curtesy.*

Though such a decree in favor of a woman, by a court of general jurisdiction, may be subject to reversal on a bill of review or rehearing, she may, before any such proceeding to review it has been instituted, convey her separate real estate and make good title thereto, provided the purchaser has no knowledge of any fraud in the procurement of the decree or lack of jurisdiction in the court. (p. 510).

3. JUDGMENT—*Foreign Judgment—Full Faith and Credit—Divorce Decree.*

Such a decree made in another state has, by virtue of the full faith and credit clause of the federal Constitution, the same effect in this state as it has in the state in which it was pronounced. (p. 510).

4. CURTESY—*Termination of-Right.*

After an absolute divorce, the husband's right of curtesy terminates and ceases, even though he had legal justification for absenting himself from his wife, before the divorce was procured. (p. 511).

Error to Circuit Court, Cabell County

Action by Lucy Campbell against Refus Switzer. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*Switzer & Wyatt,* and *Simms, Enstow & Stokes,* for plaintiff in error.

POFFENBARGER, JUDGE:

Rufus Switzer purchased in March, 1906, a lot in Huntington from Lucy A. Staiars, a married woman, living separate and apart from her husband, for the sum of $2500.00, paying $1500.00 and retaining the residue until his vendor should perfect the title against the contingent right of curtesy in

her husband. In April of the same year, Mrs. Staiars procured an absolute divorce from her husband in a Kentucky court of general jurisdiction. Deeming the defect in title to have been thus removed, she later brought this friendly action to recover the remaining $1000.00 and obtained a judgment for it. Desiring to make himself safe in the payment of the money, Switzer obtained a writ of error to the judgment, to the end that it might be reviewed by this court.

The clear effect of the decree of divorce was to destroy the relation of husband and wife and free the separate property of the latter from the contingent right of courtesy in the former. That right is one given by law on the establishment of the relation, and, when the relation ends, the right perishes, necessarily.

There is no suggestion of fraud or irregularity in the procurement of the decree, nor of any lack of jurisdiction in the court. It may have been procured upon substituted service, but even that does not appear, since it contains a recital that the defendant had been ''lawfully summoned.''

But, if it be conceded that it was and there is a right to have the cause re-heard, the purchaser may safely rely upon it. Seeing an apparently perfect title in the vendor and having no notice of lack of jurisdiction in the court which pronounced the decree, he will be protected in his purchase, even though the decree should be reversed on a rehearing, bill of review or appeal. *Perkins* v. *Pfalsgraf*, 60 W. Va. 121; *Wingfield* v. *Neall*, 60 W. Va. 106; *Dunfee* v. *Childs*, 59 W. Va. 225. The judgments of courts of general jurisdiction are sustained by a legal presumption that they had before them the parties and causes of action to which their judgments pertain.

Under the full faith and credit clause of the federal Constitution, the Kentucky decree has the same effect in this state as it has in the state in which it was pronounced. *Roller* v. *Murray*, 71 W. Va. 161. The plaintiff in that suit was freed from her marital relation there and the courts of other states, giving the decree its due effect, must regard her as a single woman having full control of her property, until she remarries, or is restored to her former condition, by reversal or annulment of the decree.

The suggestion of the possibility of legal justification on the part of the husband in leaving his wife is unimportant, for the martial relation is essential to the right of courtesy, and that has been destroyed by the decree. The parties are no longer husband and wife, and a man cannot have curtesy in the estate of a woman who is not his wife. He must maintain the relation by preventing divorce, if he desires to avail himself of the wife's misconduct justifying his absenting himself from her.

The judgment is free from error and will be affirmed.

*Affirmed.*