BERTHA S. BABCOCK, Plaintiff, *v.* MILLARD C. BABCOCK and Others, Defendants.*

Supreme Court, Steuben County, January 20, 1933.

* Affd., 239 App. Div. —-.

*James McCall,* for the plaintiff.

*Floyd W. Annabel,* for the defendants.

CUNNINGHAM, J.   The plaintiff and her husband, William W. Babcock, now deceased, separated on or about the 1st day of January, 1918.   Thereafter, they entered into a written agreement of separation.   Later, another agreement was made between husband and wife, termed "Supplemental Agreement," containing the following clause: "If a judgment dissolving the marriage between them is granted in this or another state upon personal service * * *, that judgment shall provide as alimony for the payment of the lump sum of Two Thousand Dollars ($2,000) and also One Hundred Twenty-Five Dollars ($125) monthly thereafter to the second party hereto, as long as she lives and remains unmarried."

Thereafter, the husband commenced an action for divorce in the Court of Common Pleas of Pennsylvania.   The plaintiff was served personally in the State of Pennsylvania with the process in that action, and thereafter appeared therein by attorney.   The Court of Common Pleas had jurisdiction of the parties and of the subject-matter of the action.   During the pendency of the action it was stipulated by the attorneys for the parties on their behalf, that if a divorce be granted "that the Court shall make an order that the libellant [the husband] shall pay the respondent [the wife] the sum of one hundred and twenty five dollars per month during the life time of the respondent, or until such time as the respondent shall or may re-marry."

A decree of divorce was granted to the husband which provided that he "shall pay to Mrs. Bertha S. Babcock, the respondent, in

this divorce, permanent and continued alimony of Fifteen Hundred ($1,500) Dollars per year, during the life of the said Bertha S. Babcock, or until such time as the said respondent shall re-marry. Said alimony to be paid on the last Saturday of each and every month."

It seems to be settled that the plaintiff, if entitled to recover, must recover under the divorce decree and not under the agreement theretofore made between the parties. (*Sleicher* v. *Sleicher*, 251 N. Y. 366.)

In that case it appeared that a separation agreement had been made between the parties, providing for the payment of monthly sums for the support and maintenance of the wife. The agreement provided that in case of divorce, an allowance for alimony at the same rate be incorporated in the decree. The divorce was granted by a court of competent jurisdiction of the State of Nevada and the judgment of divorce fixed the amount of alimony at the same rate as prescribed in the agreement. The Court of Appeals in that case said: " The question in its last analysis is one as to the construction and effect of the judgment of the Nevada court. The defendant's duty is what that judgment made it and no more."

The judgment of the Pennsylvania court must be given the same effect as it has in the State where rendered. (*Thompson* v. *Thompson*, 226 U. S. 551, 566.)

The testimony of Pennsylvania attorneys is that when alimony has been fixed in a decree in an amount agreed upon by the parties, the court may not thereafter modify the decree so as to change the amount of alimony.

It not appearing by statute or judicial decision of the State of Pennsylvania whether the provision for alimony contained in the decree abated upon the husband's death, the decree will be construed according to the law prevailing in this State. (*Murrin* v. *Archbald Consolidated Coal Co.*, 232 N. Y. 541.)

In *Wilson* v. *Hinman* (182 N. Y. 408), while holding that alimony fixed by the court in a judgment of divorce abates upon the death of the husband, the court said: " It may very well be that by the agreement of the parties *alimony might be awarded* in a different form from that provided for in the statute; that is to say, the parties might agree that a gross sum should be paid as alimony, or that an allowance should be made to the wife which would bind the husband's estate after his death. An agreement of that character would in no way contravene public policy, and the performance of it would, doubtless, be enforceable by the courts." (Italics are mine.)

Upon the authority of that decision it has been held that when a decree of a court of this State fixed alimony at a certain amount,

pursuant to the agreement of the parties, to continue during the life of the wife, the alimony did not cease upon the death of the husband, but could be collected from his estate during the life of the wife. (*Whitney* v. *Whitney Elevator & Warehouse Co.*, 183 Fed. 678; certiorari denied, 219 U. S. 558.)

There are decisions in other States to the same effect. (*Storey* v. *Storey*, 125 Ill. 608; *Pryor* v. *Pryor*, 88 Ark. 302; *Stratton* v. *Stratton*, 77 Me. 373; *Emerson* v. *Emerson*, 120 Md. 584.)

I conclude, therefore, that plaintiff has a claim against the estate of her deceased husband for $125 a month, during her lifetime, or until she remarries.

It has been decided that sections 1171 and 1172 of the Civil Practice Act " control the remedies in cases of judgments obtained in other States for absolute divorce " and apply only in case a divorce is obtained upon the ground of adultery. (*Boissevain* v. *Boissevain*, 252 N. Y. 178, 181.)

Under that decision the plaintiff is entitled to recover at this time only installments due at the time of the commencement of the action.

The plaintiff in the first paragraph of her demand for judgment has asked for a declaratory judgment, declaring the estate of her deceased husband to be indebted to her for the alimony to accrue in the future.

The right of the plaintiff to recover future payments from the estate of her deceased husband may be determined in this action. (Civ. Prac. Act, § 473.)

When the plaintiff has an adequate remedy, a declaratory judgment will not be granted. (*James* v. *Alderton Dock Yards*, 256 N. Y. 298; *Newburger* v. *Lubell*, 257 id. 383.)

It has been held that the Surrogate's Court is without power to establish a debt against an estate. (*Matter of Thomas*, 235 App. Div. 450, 454; *McLean* v. *Hart*, 228 id. 379, 381.)

The Surrogate's Court has power to direct that funds be set aside to pay contingent and unliquidated claims. (Surr. Ct. Act, §§ 207, 244.)

It seems proper, therefore, to award judgment establishing the liability of defendants to pay to the plaintiff the sum of $125 a month as long as she lives and remains unmarried, together with a judgment for the installments due at the time of the commencement of the action.

The liability of the estate to pay the claim of the wife having been determined by this court, I believe that the Surrogate's Court will then have power to enforce the payment of such claim.

Judgment may be entered accordingly, with costs to the plaintiff.