104 S.E.2d 869 (1958)
CONSUMER CREDIT COMPANY OF WAYNESBURG, a Corporation,
v.
Perry BOWERS and Dorothy Bowers.
No. 10974.
Supreme Court of Appeals of West Virginia.
Submitted September 16, 1958.
Decided September 30, 1958.
*870 Baker & Armistead, Morgantown, John E. Baily, Waynesburg, for plaintiff in error.
Oakley J. Hopkins, Morgantown, for defendants in error.
DUCKER, Judge.
The plaintiff in error herein, Consumers Credit Company of Waynesburg, a Pennsylvania corporation, which was the plaintiff below, instituted an action in debt in the Circuit Court of Monongalia County *871 against the defendants, defendants in error here, Perry Bowers and Dorothy Bowers, to recover on a judgment for $2,313.36 obtained on January 31, 1957, by the plaintiff against the defendants in the Court of Common Pleas of Greene County, Pennsylvania, which said judgment was rendered by said Court pursuant to a provision in a promissory note dated October 25, 1955, executed by defendants authorizing, in event of default in payment, any attorney to confess judgment against the makers in favor of the holder thereof, to which declaration in debt the defendants filed a plea alleging that in May or June, 1956, there was by agreement of the parties an accord and satisfaction of the debt and full satisfaction and discharge of the promises, undertakings and rights contained in said promissory note, and that the judgment obtained in Pennsylvania was therefore obtained by fraud and is void. Plaintiff demurred to the defendants' plea on two grounds, namely, that no consideration for a discharge of defendants' promises is alleged and that the judgment obtained by plaintiff in Pennsylvania is entitled to full faith and credit in this suit in West Virginia. The Circuit Court overruled the demurrer and thereupon plaintiff replied generally to defendants' plea and the issue was thereon joined. By agreement of the parties a pre-trial hearing before the court without a jury was submitted on the record thereof made, and by an order entered on December 20, 1957, judgment was rendered for the defendants, and it is to such judgment this writ of error is prosecuted.
The plaintiff introduced proof of the judgment rendered in its favor in the Pennsylvania court against the defendants, the record in the Pennsylvania court being, with minor details, substantially only an entry of the names and addresses of the makers as judgment debtors, the holder as the judgment creditor, the terms of the note and the power therein to confess judgment, and the amount due with interest and attorney's fee.
The defendants claimed they could prove the following facts: That in October, 1955, they executed the note sued on in Pennsylvania payable to the Carmichaels Used Car Company in order to enable one Mike Bond to purchase a house trailer on such credit of the defendants, that after a deliquency in the instalment payments due on the note Roy Hartley, an agent of the plaintiff, and Mike Bond came to Morgantown, West Virginia, to talk to defendants about the matter and at such time Hartley represented to the defendant, Dorothy Bowers, in the presence of a Mrs. Cole, a cleaning woman then present in the home of the defendants, that the "transaction had been worked out by Mr. Hartley and Mr. Bond, and that he, Mr. Hartley, desired the Bowers to sign a release of the trailer", and that before the signing of the "release", which in reality was a power of attorney to the plaintiff to have the title to the trailer transferred as plaintiff desired, Dorothy Bowers expressly asked Hartley if she signed the release, would she be out of the transaction, and that she was thereupon assured that "it was completely settled and all she need to do was to sign it and she was free and released". Both of the defendants signed the so-called release. Several months thereafter defendants were notified of this suit based upon the judgment in Pennsylvania as to which they were never served with process and of which they had no knowledge until notice of this suit in West Virginia.
The plaintiff claims that judgment should have been rendered in its favor for the amount sued for in the court below, and assigns that the Circuit Court erred (1) in finding that defendants could plead and assert accord and satisfaction of the original obligation on which the Pennsylvania judgment was rendered, (2) in holding that defendants had made a record that justified a judgment for defendants, (3) in holding that "there may have been" a consideration for the alleged accord and satisfaction, and (4) in rendering judgment for the defendants.
*872 The first and third assignments of error cover the two questions raised by plaintiff's demurrer to the defendants' plea, the second raises the sufficiency of the record, and the fourth depends upon the validity of one or more of the first three assignments, and the fourth assignment will require no specific discussion. The first and third assignments will to some extent be dealt with jointly.
The really controlling issue here is whether the Pennsylvania judgment is entitled to full faith and credit in West Virginia by virtue of the requirement of Section 1, Article IV of the Constitution of the United States. If the Pennsylvania judgment is entitled to full faith and credit here, then it is clear that all matters of defense, other than fraud in the procurement of the judgment, which could have been proven in the original suit in Pennsylvania cannot be availed of in the suit here on that foreign judgment. International Harvester Co. of America v. Solazo, 116 W.Va. 34, 178 S.E. 429; Perkins v. Hall, 123 W. Va. 707, 17 S.E.2d 795.
From the foregoing statement of the law two points arise, namely, the effect of the so-called release as cancelling the obligation of the defendants on the note upon which the Pennsylvania judgment was obtained, and the right of the plaintiff to use the power of attorney in said note to confess judgment thereon after the release was given. And, does the use of the power of attorney to confess judgment after the release amount to such fraud as eliminates any duty upon the West Virginia court to give full faith and credit to the Pennsylvania judgment?
The release, to have had the effect claimed, must have been based upon legal consideration. The plea alleges and the statements of counsel, which were considered by the court below, and which we so consider here, as substituted for proof by witnesses, show that the release gave the plaintiff's discharge of the defendants from the title as it saw fit and that defendants executed the instrument in consideration of plaintiff's discharge of the defednants from their "promises, undertakings, and rights", and that defendants were "free and released". The record does not show what disposition was made of the trailer, whether it was resold or merely retained by plaintiff as satisfaction of the debt. In any event, the plaintiff acquired the right to transfer the trailer title as it saw fit, regardless of the monetary value of the trailer, and then proceeded to take judgment for the unpaid balance of the note with apparently no credit given for the value of the trailer. Surely, there was some consideration present in the transaction, regardless of the claim as alleged by defendants, as a substantial right to sell the trailer or have it sold to satisfy the debt to the extent of the sale proceeds was surrendered by the defendants when they signed the power of attorney to transfer the title. It is not material whether the so-called release was actually a formal release or a power of attorney, in view of the fact that the defendants understood the representations of plaintiff's agent that by doing what they did they were released from their obligations in the matter and defendants so acted under such agreement. Plaintiff certainly got what it desired by such action without the necessity of legal proceedings for that purpose, and it was a distinct right which was surrendered by defendants, and being a benefit to the plaintiff and a possible detriment to the defendants was, therefore, a valid consideration for a plea of accord and satisfaction. Charleston Lumber Co. v. Friedman, 64 W.Va. 151, 61 S.E. 815; Wade v. Mutual Ben. Health & Accident Association, 115 W.Va. 694, 177 S.E. 611; 1 C.J.S. Accord and Satisfaction § 4. The failure of defendants to demand the return of the note may not have been good business on their part, but that does not excuse plaintiff from treating the note as not cancelled.
In holding that there was a legal consideration to support the claim of the *873 defendants that they were released from the obligations of the note which contained the power of attorney to confess judgment, we must now consider the question of whether or not the plaintiff could exercise the power given in the note to confess judgment without the confession of judgment in its favor amounting to such fraud as renders it unnecessary for the West Virginia court to give full faith and credit to the confessed judgment.
The case of Perkins v. Hall, supra, is cited and discussed at some length in the respective briefs of counsel for the parties. The facts in that case are different in that the confessed judgment, which was held to have been fraudulent, was against the maker in favor of two accommodation makers, who, upon paying the note later, received the endorsement of the note to them. Counsel for defendants contend that in that case the court held the power of attorney to confess judgment did not give the co-makers, even though they were also endorsees, authority to confess judgment against the primary maker debtor when the facts showed that such endorsees had assumed all the obligations of the business for which the note was given in purchase thereof. Plaintiff's counsel say that case does not support defendants' contention, but only confirms the position of the plaintiff, in that the rights of the plaintiff in that case were those of subrogation and grew out of the implied obligation resulting from their payment of a negotiable promissory note of which they were accommodation makers. This Court in that case concluded that the obligation of the note was completely discharged before the power to confess judgment was exercised, and that the use of it after such discharge to obtain the judgment was a fraud upon the Ohio Court and void, and the judgment was not entitled to full faith and credit in this State, and that the suit in this State was, therefore, subject to any defense made thereto by the defendants therein. We think the principles in the holding in that case are applicable here and sustain our view that the judgment obtained by the plaintiff herein in Pennsylvania was not binding upon the court of this State.
Counsel for plaintiff stated that the Pennsylvania judgment was subject to a reopening at any time upon a petition for such purpose filed in the court of that State, although it is binding now. We fail to see how the defendants' right to seek such reopening would protect them from the effect of a judgment against them in this State rendered on the same claim, especially if there is no right in this State to have the court here defer judgment until such petition is heard and determined. It may be said that comity would require a court in this State to stay proceedings here if defendants proved that they had filed or were about to file their petition for reopening in the court of the foreign state. The status of the parties in such event is too nebulous in this case and a decision thereon herein is not necessary in view of our conclusion that the confessed judgment was not authorized.
As to the second assignment of error to the effect that the defendants had not made a record in this case that justified a judgment in their favor, it is true that the record in the court below renders the case almost beyond consideration by this Court, in that what purports to be the evidence consists only of the proceedings had before the Judge in a pre-trial conference in which the attorneys stated what they intended to prove by their witnesses. The statements of counsel so made, even though denied in some respects in plaintiff's replication, were considered by the counsel and the court to have been submitted to the court in lieu of any formal or regular introduction of evidence by witnesses. The court, though making no formal finding of facts, rendered a decision which in effect necessitates the conclusion that the facts so stated to be intended to be proved were the facts of the case. Howsoever unsatisfactory and unapproved may have been the procedure in the court below, this Court *874 will not dismiss as improvidently awarded the writ of error heretofore granted herein, because of the acquiescence in, if not the consent of the counsel of both plaintiff and defendants to, such informality in the matter in the trial court, and because the decision rendered herein is not different from that which would have resulted from a dismissal of the writ of error.
It seems apparent that plaintiff relied principally upon its demurrer instead of the denial by replication of the facts alleged by defendants in their plea, because there is in the record of the pre-trial hearing hardly a contradiction of the statements made by the attorney for defendants. On the contrary, plaintiff's counsel moved for judgment on the pre-trial hearing, as did counsel for defendants, each reserving only the right to file briefs. Had the parties intended otherwise than to submit the case as determinable from what they had stated to be the facts and the law applicable, there would have been no reason for a final judgment by the lower court with a right to seek a writ of error here. Although the parties consented to the procedure, which we do not approve, we do not think we should allow either party at this stage of the proceedings to complain of what he consented to or at least acquiesced in. We think the record in this case was sufficient to permit a finding thereon by the trial court.
For the reasons herein stated, we are of the opinion, and so hold, that the judgment of the Circuit Court of Monongalia County should be affirmed.
Affirmed.